**Opinion issued June 21, 2012.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-10-00306-CR**

_____

**WILLIAMS HARVEY EPPERLY III, A/K/A WILLIAM HARVEY EPPERLY III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1220035**

**MEMORANDUM OPINION**

Appellant Williams Harvey EpperlyIII was charged with the third-degree

felony of failure to register as a sex offender. *See* TEX. CODE CRIM. PROC.

ANN.art. 62.102(a), (b)(2) (West 2006).Epperly pleaded guilty without an agreed recommendation for punishment. The trial court sentenced Epperly to five years in the institutional division of the Texas Department of Criminal Justice but suspended the sentence and placed Epperly on community supervision for five years.

Epperly'sappointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex.Crim.App.1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any ground of error that warrants reversal. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In addition, counsel's brief reflects that he delivered a copy of the brief to Epperlyand informed him of his right to examine the appellate record andto file a response.*SeeIn reSchulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a pro se response.

We have independently reviewed the entire record, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous.*See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Garner v. State*, 300 S.W.3d 763, 766–67 (Tex.Crim.App.2009) (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005)(emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals.*See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Appellant's counsel,Terrence Gaiser, must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.*See*TEX. R. APP. P. 6.5(c). We dismiss all pending motions as moot.

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex.Crim.App.2005).

**PER CURIAM**

Panel consists of Justices Higley, Sharp, and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).

4